Taft, J.,
dissenting. The director offered no evidence of maps or field notes returned to the clerk of courts, as required by section 7 of what the majority opinion calls “the original 3 per cent act” (2 Ohio Laws, 137); and no explanation was given as to the absence of such evidence. If that act had been applicable and followed, there should be a map and field notes on record.
Prior to enactment of what the majority opinion refers to as the “general act passed February 20, 1809” (7 Ohio Laws, 125), several of the acts making appropriations of the 3 per cent fund'did specifically refer to that “original 3 per cent act” (2 Ohio Laws, 136). See 4 Ohio Laws, 28, 5 Ohio Laws, 39 and 6 Ohio Laws, 117. After that date, acts making appropriations of the 3 per cent fund did not refer to that “original 3 per cent act.” 8 Ohio Laws, 202, 9 Ohio Laws, 25 and 10 Ohio Laws, 127. Furthermore, one enactment of 1811 (9 Ohio Laws, 67) expressly stated a legislative intent that 3 per cent roads be treated like other roads “anything in * * * acts, making appropriations of the * * * 3 per cent fund, to the contrary notwithstanding.” Also, those enactments after 1809, that appropriated parts of the 3 per cent funds (8 Ohio Laws, 202, 9 Ohio Laws, 25, and 10 Ohio Laws, 127, the latter relied upon by the director because it “appropriated in the county of Cuyahoga * * * for opening a road from Cleaveland to the south line of Cuyahoga County, in the best direction, towards Mansfield, in the county of Eichland, two hundred dollars”), dealt with the roads for which appropriations were made on a county basis. Roads other than' 3 per cent roads for years had been dealt with by legislative enactments on a county basis. Prior to 1809, the acts appropriating part of the 3 per cent funds did not deal with roads for which appropriations were made on a county basis. See 4 Ohio Laws, 28 and 5 Ohio Laws, 39.
There is nothing in the act of 1812, which appropriated $200 “in” Cuyahoga County “for opening a road from Cleaveland to the south line of Cuyahoga County * * * towards Mansfield,” that cannot reasonably be reconciled with all the provisions of , the act of 1809 with respect to the opening of roads. The commissioners provided for by the act of 1812 were even referred *424 to therein as being such “in each county”; and each such commissioner was required to give bond to the county commissioners (under the 1809 act, responsibility for opening roads in each county was given to its county commissioners). Also, those commissioners provided for by the act of 1812 were by its words to be appointed only “to lay out and expend the money * * * for laying out and opening any new road.” Thus, those state appointed commissioners were to lay out and expend money for laying out and opening a road, and not to lay out and open a road. As a reading thereof will clearly indicate, the act of 1812 merely represented a legislative provision of state aid for certain county roads; and the provision therein for state appointed commissioners was probably made to insure that the money appropriated was properly expended for the purpose for which it was appropriated.
As the majority opinion recognizes, the “general act” of 1809 (7 Ohio Laws, 125) (which was in force in 1812 wh.en the 10 Ohio Laws, 127 appropriation relied upon by the director was made) purportedly repealed all former acts for opening and regulating roads and highways and ‘ ‘ provided that all roads were subject to its terms and provided the general methods of the opening of roads to a width not exceeding 66 feet.”
Thus, there is no evidence of any appropriation by the state of a right of way of any particular width. Admittedly, there is no evidence of any grant or dedication of any right of way. The only evidence as to user of a right of way is evidence of use to a width of 40 feet. Hence, it is apparent that, under Broadsword v. Kauer, Dir., 161 Ohio St., 524, 120 N. E. (2d), 111, the state has no right against the property owner to use of a right of way in excess of 40 feet.
Bell, J., concurs in the foregoing dissenting opinion.